## WEST v. HORD et al.
### No. 3167.

Court of Civil Appeals of Texas. El Paso. March 7, 1935.

Rehearing Denied April 18, 1935.

A. L. Brantley, of Alpine, for appellant.

C. E. Patterson, A. E. Owens and John Perkins, all of Alpine, for appellees.

WALTHALL, Justice.

This appeal is prosecuted by P. A. West from a judgment of the district court of Brewster county. The questions involved are presented to this court on an agreed statement of facts. The statement is as follows:

"The plaintiff and the defendants agree to the following statement of facts:

"Mrs. A. Z. Woodruff was appointed permanent Administratrix of the Estate of Mike West and Sarah I. West, Deceased, on March 12, 1932; notice of appeal was promptly given by P. A. West, the plaintiff herein, and the appeal was perfected in due time to the District Court of Brewster County, Texas. That after said appeal was taken, and while the same was pending in the District Court of Brewster County, Texas, to-wit: on April 12, 1932, the claims of H. L. Hord, W. O. Allen, and Alpine Lumber Company, were by said administratrix rejected; that while said cause was still on appeal the said three named defendants filed their suits in the respective courts having jurisdiction for the purpose of establishing said claims against said estate; that said suits were prosecuted to judgment in the respective courts having jurisdiction; judgment in each case being rendered establishing said claims against said estate prior to the trial of the appeal from the order of the County Court granting administration on said estate.

"That after the trial of all of said causes, and the judgments rendered in each of said causes establishing said claims, and to-wit, on August 19, 1932, in Cause No. 1461 on the Civil Docket of the District Court of Brewster County, Texas, judgment was rendered affirming the order of the County Court granting an administration in the estate of Mike West and Sarah I. West, Deceased, and appointing Mrs. A. Z. Woodruff, Administratrix.

"That after the action of the District Court in sustaining the administration in the Estate of Mike West and Sarah I. West, Deceased, each of the defendants herein, H. L. Hord, W. O. Allen, and Alpine Lumber Company filed his and its respective claim with the permanent administratrix, Mrs. A. Z. Woodruff, and each of said claims were by said permanent administratrix allowed; said claims allowed were duly filed with the Clerk of the County Court of Brewster County, Texas, and were by him entered on the claim docket kept in the office of the County Clerk of Brewster County, Texas. And after said

claims had each been entered on the Claim Docket and a period of ten days had expired, the County Court, at a regular term, acted upon same and approved each of said claims, the County Judge endorsing upon each of said claims, or annexing thereto, a memorandum in writing, dated and signed by him, stating the action of the court upon such claim, stating the amount approved, and stating the classification of such claims and entered upon the Claim Docket his approval and classification of each of said claims, thus rendering a final judgment on each of said claims.

"The regular terms of the County Court of Brewster County, Texas, as fixed by the Commissioners Court of Brewster County, Texas, convene on the first Monday in February, May, August and November of each year; that said claims were not filed ten days before the convening of said court at any such regular term as fixed by the Commissioners Court of Brewster County, Texas, but such claims were filed and acted upon at the February Term, A. D. 1933, of the County Court of Brewster County, Texas, as such term is fixed by the Commissioners Court of Brewster County, Texas; same convened on February 6, 1933, and the following term of Court convening on the first Monday in May, A. D. 1933. That the Attorney for the plaintiff, P. A. West, did not know that the said three claims had been filed and approved by the County Court of Brewster County, Texas; that he examined the Claim Docket prior to the convening of court on February 6, 1933, and the claims were not at that time shown on the Claim Docket; that he did not again examine the Claim Docket until immediately prior to the convening of the May term of the County Court of Brewster County, Texas, and then for the first time discovered that the claims had been approved by the Court; that following the securing of such information on or about May 1, 1933, that he promptly instituted suit, filing action in the nature of a Bill of Review. That because of the fact that he had no notice of the allowing of such claims that no appeal was taken within the statutory time from the order of the court allowing same.

"There is no controversy as to the justness of the indebtedness, the foundation for each claim presented; the claim of each of the defendants, H. L. Hoard, W. O. Allen and Alpine Lumber Company being based on promissory notes executed by P. A. West, principal, Mike West, Deceased, surety; however, the claims which were presented and rejected during the pendency of the appeal on the order granting the administration and on which suits were filed to establish them as valid claims against said estate; and the said claims which were afterwards presented to the Administratrix and allowed by her and approved by the County Court of Brewster County, Texas, represent the same subject matter. All judgments were regular in form.

"Witness our hands this 31st day of August, A. D. 1934."

Appellant and appellees have each made a very concise statement of the facts in addition to the agreed statement copied above, all of which we have found to be very helpful, but for the sake of brevity in this opinion we have concluded that we might make sufficiently clear the matters complained of from the agreed statement of facts.

Appellant submits, under his first proposition, that the court erred in holding "that Article 3519, of the Revised Civil Statutes, 1925, did not require the claims to be placed upon the claim docket ten days before the term of the Court at which the claims were to be approved by the Court, and become a final judgment, and that the claims were valid although they were placed upon the claim docket during the term in which they were approved."

Under his second proposition appellant submits that, he having fully pleaded that appellees had filed suits on their several claims and secured judgments thereon against said estate and that appellees by reason of said suits and judgments were now estopped from embracing the same indebtedness in their claims, the court erred in holding that appellant's plea of estoppel was not good, and in rendering judgment accordingly.

Appellant's third proposition is to the effect that, appellants having pleaded that their first judgments were void for the reason that when their claims were presented to the administratrix, the order for her appointment as such administratrix was on appeal, and for that reason she had no authority to pass upon the claims, and the court had no authority to entertain jurisdiction and enter judgment on said claims, and that such judgments were nullities, and the court erred in so holding. In considering the second presentation of said claims, appellant had pleaded such rejected claims and such judgments establishing such claims and that such were final judgments and were res judicata, embracing the same subject-matter, same notes, same parties, same cause of action, same court;

742

in fact, two judgments for the same debts. It is insisted the court erred in overruling the special exception and plea pleading said facts.

The court sustained appellees' general and special exceptions to appellant's petition, and, appellant refusing to amend, judgment was entered for appellees on their respective claims, and appellant appeals.

## Opinion.

The regular terms of the county court of Brewster county, as fixed by the commissioners' court, convene on the first Monday in February, May, August, and November, of each year.

The agreed statement shows that the claims were not filed ten days before the convening of said court at any such regular term as fixed by the commissioners' court, but it shows that such claims were filed and acted upon at the February term, 1933, of the county court, as such term is fixed by the commissioners' court, and after said claims had been entered on the claim docket and a period of ten days had expired.

The only question we think necessary to consider is whether article 3519 of the Revised Civil Statutes controls, or whether article 1961 of the statute, as amended by chapter 48, Forty-First Legislature, First Called Sess. p. 107 (Vernon's Ann. Civ. St. arts. 1961, 3310a), and that amendment again amended by chapter 123, Regular Session of the Forty-Second Leg. p. 210 (Vernon's Ann. Civ. St. art. 3310a), control in regulating issuance of process in the county courts in probate matters.

In the first of said amendments (chapter 48, 41st Leg. 1st Called Sess.) the second section of said article 1961 reads as does the article before amended, until at its close of the section, when the amendment adds: "Provided said court shall be open at all times for the transaction of probate business."

The chapter then repeals all laws in conflict with the article as amended. The amendment was made under the emergency "that the terms of probate court should be shorter than now provided by law."

At the regular session of the Forty-Second Legislature by chapter 123, the above chapter 48, was amended. The first section (Vernon's Ann. Civ. St. art. 3310a, § 1) makes all citations and notices issued out of the county court "in probate matters" returnable to the court from which issued "on the

first Monday after the service is perfected." It then provides for the manner of publication. It then provides that "all such notices and citations now required to be served personally shall be served at least ten days before the return day thereof," and the time of the return is fixed by the clerk in accordance with the provisions of the act.

The second section of the amendment provides that all laws requiring service of citation notices, orders, or other proceedings in probate matters that are in conflict with the act are expressly repealed; it being the stated purpose of the act to require only ten-day service.

The second section of the chapter (Vernon's Ann. Civ. St. art. 3310a, § 2) then provides: "Any Probate Statute now in force and not hereby repealed by other provisions of this Act, using the expression 'at the next term of court,' or 'next regular term,' or 'during term time,' or other similar expressions, shall be so construed as to conform to this Act" as amended.

Now, while the last amendment of article 1961, as above outlined, does not provide as does the first amendment that the court shall be open at all times for the transaction of probate business, yet it does provide for notice of ten days before the return day, and as we think in probate matters, regardless of the regular terms of the court, since the court is in session or open at all times. In other words, the regular term of the county court, as fixed by the commissioners' court, has no application in probate matters.

We have concluded that the amendments as above control in this and all probate matters, otherwise such amendments have no application or meaning.

The claimholders evidently considered that the presentation of the claims to the administratrix for allowance at a time when the matter of administration of the estate and her appointment as administratrix was on appeal was not a sufficient presentation of such claims, and that the suits or judgments were of no avail. The presentation of the same claims after the action of the district court settling the matters appealed does not, in our opinion, show two judgments on the same claim.

The law is that no judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the administratrix, and rejected by her, in whole or in part. The matter is

fully discussed and the cases cited in 14 Tex. Juris. pp. 124 and 125.

We have found no reversible error.

The costs for the presentation of the claims while the matter was on appeal and the costs of the suits and judgments on the claims in the courts are taxed against appellees, and all costs of appeal to the district court and to this court are taxed to appellant.

The case is affirmed.